*638 OPINION.
Muedocic :
The ansAver denied that the value of the stock or assets of the Niagara County Fruit Co. exceeded $112,500, that the value of the stock or assets of the Orchard- & Investment Co. exceeded $129,900, that the value of the stock of the Carney Investment Co. exceeded $3,000, and stated as a proposition of hvw that a corporation can not haATe any invested capital prior to the beginning of its existence and in no case may property acquired for stock be included in invested capital in an amount in excess of its actual cash value at the time acquired. It also denied most all of the other material allegations of the petition. Coúnsel for the respondent *639 made no opening statement or oral argument and' filed no brief, so that we liave but meager information in regard to his position as to the matters in dispute.
The petitioner contends in support of its first and second allegations of error that it was a corporation de facto on and after June 1, 1919, and that therefore $2,399,900 alleged to have been received in cash payments on subscriptions to its capital stock shduld be included in its invested capital for the year on the basis of 214 days instead of 178 days, and that for the purpose of the computation of its invested capital, it should be held to have received certain stock and assets on July 1, 1919, instead of on certain dates in August of the same year, as determined by the Commissioner. Inasmuch as there was no attempt made to show, and we are unable from the evidence to determine, the dates upon which cash payments on subscriptions to the petitioner’s capital stock were received or the dates upon which stock and assets of other organizations were transferred to the petitioner, it is unnecessary to determine whether or not the petitioner was a corporation de faeto or an association prior to July 7, 1919, and ivhether, if it were either, it would be entitled to include any amount in the computation of its invested capital from a date prior to July 7,1919, the date of its charter.
Only one witness ivas called. He testified that each of the organizations, whose stock or assets were acquired later by the petitioner, reported its operations for income-tax purposes up to and including May 31, 1919, in its individual capacity, and that the petitioner, in a consolidated return, reported the result of all operations of the different units on and after June 1, 1919. He further testified, in this same connection, that the books of the separate units were closed as of May 31, 1919, and on the basis of the condition of the various units as of that date, the petitioner exchanged its stock for either the assets or the stock of these organizations. We have not found facts from these statements because the witness glso testified that certain assets of the Orchard & Investment Co. were retained by that corporation and sold in August, 1919, at a profit, which profit inured to the benefit of the stockholders of that corporation in the final transfer of the assets of that corporation to the petitioner, so that in this instance, at least, the above-mentioned general statements of the witness were incorrect. This witness also stated in general terms that beginning on June 1, 1919, some of the companies operated as if the petitioner were then functioning as a corporation and as if they were units of that corporation, and that the Orchard *& Investment Co. acted as trustee for the petitioner from and after that date. But after a careful consideration of all the testimony, we are not at all convinced that a corporation de facto, or an association, *640 within the meaning of section 1 of the Revenue Act of 1918, existed prior to July 7, 1919. We affirm the action of the Commissioner contested in the petitioner’s first and second allegations of error.
The petitioner exchanged $112,500 par value of its preferred stock, together with one-half share of common stock for every share of preferred stock with the stockholders of the Niagara County Fruit Co. for their stock in the latter company. The answer merely denies that this latter stock had a value in excess of $112,500, and in the light of the evidence in this case we see no reason to hold that its value was any less than this amount. Furthermore, the evidence indicates that no good will of this company was purchased by the petitioner through this exchange. Consequently, the Commissioner was in error when he disallowed as a part of invested capital the amount of $70,574.48 which he described as “Niagara County Fruit Co.” '
The petitioner' exchanged $129,900 of its preferred stock, each share of preferred stock being accompanied by one-half share of common stock, for certain assets of the Orchard & Investment Co. The answer merely denies that these assets had a value in excess of $129,900. The petitioner seeks to have them included in the computation of invested capital at $129,900. The Commissioner, on the other hand, has disallowed as a part of invested capital, $6,971.80, this amount being the difference between $122,928.14, representing the par value of this corporation’s stock plus the book surplus, and $129,900, the par value of the jjctitioner’s preferred stock exchanged for these assets. As set forth in our findings of fact, certain of these assets were sold for more than their book value and the gain from this sale inured to the benefit of the Orchard & Investment Co. and was recognized by the j)etitioner in the exchange of stock for assets. Consequently, the Commissioner was in error when he disallowed $6,971.86 as part of the invested capital for the reason that it represented good will of an unproven value and also when he reduced fhe petitioner’s invested capital on the ground that $73,115 represented inadmissible assets of the Orchard & Investment Co. transferred to the petitioner. In regard to the latter item it was shown to our satisfaction that the assets in question were sold by the Orchard & Investment Co. and the cash received from this sale was transferred to the petitioner instead of the assets themselves.
The evidence in regard to the $1,500 eliminated from the petitioner’s invested capital in connection with the acquisition of the stock of the Carney Investment Co. is insufficient to convince us that this item was improperly eliminated from the computation of. the petitioner’s invested capital. The amount seems to have been paid to an attorney for an examination of the title to certain real' *641 property, but -we do not know who paid it, or the circumstances under which it was paid.

Judgment will be entered on notice of 15 days, under Rule 50.